HENRY FOURNIER v. STATE OF MISSISSIPPI.

[50 South. 502.]

CRIMINAL LAW AND PROCEDURE. *Burglary. Larceny. Indictment.*

 An indictment for burglary, charging that the building was broken and entered with intent to take, steal and carry away designated personal property found therein, but failing to charge an asportation of the personalty, is not good for and will not support a verdict finding the defendant guilty of larceny.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Fournier, appellant, was indicted and tried for burglary, con-

victed of petty larceny and appealed to the supreme court. The opinion of the court sufficiently states the case.

*J. H. Mize,* for appellant.

*George Butler,* assisted attorney-general, for appellee.
[The briefs of counsel in this case could not be found by the reporter, hence no synopses of them are given.]

SMITH, J., delivered the opinion of the court.

The indictment in this case charged appellant with the commission of the crime of burglary, and alleged that the building was entered "with the felonious and burglarious intent then and there" certain property "found therein to take, steal, and carry away." From a conviction thereunder of the crime of petit larceny, this appeal is taken.

While this indictment properly charged the crime of burglary, it contains no allegation charging the crime of larceny. The allegation is that the building was entered with intent to commit this crime, not that the crime in fact was committed. Appellant, therefore, by the verdict of the jury, was acquitted of the crime of burglary, the only crime charged in the indictment, and convicted of a crime not charged therein.

The judgment of the court below is reversed, and appellant discharged.                  *Reversed.*