BROWNLEE *v.* STATE.

(Division B. April 10, 1933.)

[147 So. 339. No. 30513.]

Rush **H. Knox,** of Jackson, for appellant.

Herbert Nunnery, Assistant Attorney-General for the state.

Argued orally by **Rush H. Knox**, for appellant, and by Herbert Nunnery, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant and Dan Griffin were jointly indicted of the crime of burglarizing the storehouse of C. P. Brooks, located in the town of Vardaman in Calhoun county, with

intent to steal certain goods therein. Appellant and Griffin are both negroes, the latter about thirteen years of age. Appellant was tried alone and convicted and sentenced to the penitentiary for a term of three years. From that judgment he prosecutes this appeal.

The only evidence against appellant was that of Dan Griffin. His evidence was uncorroborated, and it was shown that when he was first arrested he told the officer making the arrest that two white boys, Pyland and Sims, participated with him in the burglary. He was placed in jail by the officer. Sims was then brought to the jail. When Griffin saw him, he stated to the officer that Sims was not with him in the burglary, and began to cry, stating that he was afraid to tell who was with him for fear he would be killed. Thereafter he stated that appellant and he committed the burglary, giving the details. Appellant testified in his own behalf, denying any connection with the crime.

Appellant contends that the judgment of conviction is void for the following reason: The indictment charged that appellant and Dan Griffin burglarized the store with intent to steal certain goods, describing them. The verdict of the jury was in this language: "We the jury find the defendant guilty as charged in the indictment." The judgment of the court, after reciting the language of the verdict of the jury, adjudged appellant guilty of "burglary and larceny." Appellant's contention is that, where a defendant is charged with burglary alone, the judgment convicting him of both burglary and larceny is void. Where burglary and larceny, or an attempt to steal, are joined in a single count in an indictment, if the jury return a general verdict of guilty as charged, it will be regarded as a conviction of burglary alone. Roberts v. State, 55 Miss. 421; Harris v. State, 61 Miss. 304.

Appellant was indicted under section 817, Code 1930, which is in this language:

"Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building, ship, steamboat, flatboat, or railroad car in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering, in the day or nighttime, any building within the curtilage of a dwelling house, not joined to, immediately connected with, or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven years."

Under the statute, the punishment is the same whether the intended theft is accomplished or not. We hold that the recital in the judgment that appellant was guilty of larceny was a mere surplusage.

Appellant contends that the evidence was wholly insufficient to sustain the conviction. This contention is based upon the ground that the conviction was had alone upon the evidence of the accomplice, Dan Griffin, who was so discredited that his testimony was unbelievable. To sustain that contention, appellant relies on Sykes v. State, 92 Miss. 247, 45 So. 838; Fournier v. State, 96 Miss. 417, 50 So. 502; Abele v. State, 138 Miss. 772, 103 So. 370. In the latter case the court said that ordinarily conviction may be had upon the uncorroborated testimony of an accomplice, but, where the accomplice is the sole witness connecting the defendant with the crime and where his veracity is shown by strong evidence to be bad and where defendant's reputation for honesty and integrity and truth and veracity is proven to be good and where an alibi is shown by a disinterested witness, a conviction on the uncorroborated testimony of the accomplice will not be upheld. Appellant contends that that principle applies in this case, because of the contradictory statements made by Dan Griffin, the accom-

plice, shortly after he was arrested, with reference to who was with him in burglarizing the store. There was no evidence showing appellant's reputation for truth and veracity and honesty, nor was there any evidence other than that of appellant's showing an alibi, nor was there any evidence to show that Dan Griffin's reputation for truth and veracity was bad.

We think the guilt of appellant was a question for the jury and not for the court. In other words, we are of opinion that the evidence of the accomplice Dan Griffin was not so unreasonable and improbable as to be unbelievable.

Affirmed.