WALKER, Justice,
for the Court:
This is an appeal from an order of the Circuit Court of Pontotoc County, Mississippi, denying a writ of error coram nobis.
On November 8, 1976, petitioner Wood pled guilty to charges of burglary and larceny. Subsequently he was sentenced to seven years in the Mississippi State Penitentiary. On April 4, 1977, while incarcerated, Wood filed this petition for writ of error coram nobis alleging that his plea of guilty was induced by a promise from the court which was not fulfilled, and in the alternative, that the guilty plea was not freely and voluntarily given. After a hearing, Judge L. T. Senter found no promise of inducement was made and held the plea was freely and voluntarily given.
The issues presented on appeal are:
(1) Was the circuit judge erroneous in his finding of fact that no promise of inducement was made?
(2) Was the circuit judge correct in holding that the plea was freely and voluntarily given based on the record at the time the plea was given?
THE FACTUAL DETERMINATION
At the hearing, appellant Wood testified that he told his attorney he would plead guilty if Judge Wicker would be the sentencing judge and pass sentence immediately. According to Wood, Judge Wicker, prior to the plea, promised him he would be sentenced no later than two-thirty on that same day. He also testified that he would not have pled guilty but for that promise.
Wood’s attorney testified that there had been no discussion between himself and his client with regard to who would be the sentencing judge prior to pleading guilty. He further testified that to his knowledge, Judge Wicker never promised to be the sentencing judge for his client. His testimony also revealed that Wood had provided him with no defense to the charges.
Judge Wicker testified that he remembered Wood asking him if he would be the sentencing judge, but replied that he could not give him any assurance about who would sentence him or anything about the sentence.
In Botts v. State, 210 So.2d 777 (Miss.1968), we pointed out that:
The burden of proof is upon the petitioner on an application for a writ of error coram nobis to establish to a reasonable probability facts upon which he relies for relief. (210 So.2d at 779).
The Court went on to say:
The question as to whether or not a new trial should be granted on an application for writ of error coram nobis is largely within the sound discretion of the trial court, . . .. (210 So.2d at 779).
Based on Judge Wicker’s denial of any promise to induce the plea, coupled with the denial of Wood’s own attorney, the trial judge concluded Wood failed to meet the required burden of proof. On these facts, the finding was well within the discretion of the judge and manifestly correct.
THE VOLUNTARINESS OF THE PLEA
Having concluded that Wood failed to establish any promise to induce his guilty plea, the question remains whether, based on the record, the plea at the time given was done freely and voluntarily. In Alexander v. State, 226 So.2d 905 (Miss.1969), the standard for guilty pleas was stated as:
The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. (226 So.2d at 909).
The transcript of the plea hearing which was introduced into evidence during the hearing on the coram nobis petition, reveals the following questions were asked and responses given:
*1124 Q. . . .is your plea of guilty voluntary, that is, is it made freely on your part without any threats or any promises?
A. Yes, sir.
Q. Do you fully understand the consequences of your act in pleading guilty to the charge, that is, do you understand that when you plead guilty you are admitting that you did in fact commit this offense?
A. Yes, sir.
Q. Do you understand that when you plead guilty you waive your right to a trial by jury?
A. Yes, sir.
Q. Do you understand that when you plead guilty you waive the requirement that the State prove this case against you beyond a reasonable doubt?
A. Yes, sir.
Q. Do you understand that when you plead guilty you also waive your right to be confronted here in open court by the witnesses against you?
A. Yes, sir.
Q. Do you fully understand the nature of the charge against you, and before you answer that let me briefly in laymen’s terms explain it to you. You are charged by an indictment with the offense of Burglary and Larceny, it is hcarged (sic) that you broke into a building belonging to Bobby Pannell, doing business as Pannell’s Refrigeration and Appliance and that you broke into that building with the intent to steal and that after having broken into that building with the intent to steal, that you did take, steal and carry certain items of personal property belonging to Bobby Pannell, the property being a number of radios and assorted items of radio equipment, do you understand what you are charged with?
A. Yes, sir.
Q. Did you commit this crime?
A. Yes, sir.
Q. Do you understand that upon your plea of guilty this Court may impose upon you a sentence of up to seven years in the custody of the State Board of Corrections—
A. Yes, sir.
Q. —to be spent in some State Facility to be selected by the State Board of Corrections?
A. Yes, sir.
Q. For a period of seven years?
A. Yes, sir.
Q. Do you understand that under the laws of our State, you will not have the right to appeal to our Supreme Court after you enter a guilty plea?
A. Yes, sir.
The standards of Alexander that the plea be voluntarily made with understanding of the nature of the charge and the consequences of the plea were not only met but surpassed.
There being no reversible error, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.