556 So.2d 1016 (1989)
Lester Lee JEFFERSON
v.
STATE of Mississippi.
No. 07-58547.
Supreme Court of Mississippi.
November 22, 1989.
Rehearing Denied March 7, 1990.
*1017 Raymond L. Wong, Cleveland, Miss., for appellant.
Edwin Lloyd Pittman, Atty. Gen., elected Supreme Court Justice January 3, 1989, Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROBERTSON, Justice, for the Court:

I.
Lester Lee Jefferson appeals his conviction of burglary and sentence of seven years imprisonment without parole as a habitual offender, Miss. Code Ann. § 99-19-81 (Supp. 1989). Our principal concern is the enforceability of Jefferson's two prior larceny convictions and the Circuit Court's reliance thereon to adjudge Jefferson an habitual offender.
For the reasons set forth below, we find no error and affirm.

II.
During the May, 1987, term of the Circuit Court of the Second Judicial District of Bolivar County, the grand jury indicted Lester Lee Jefferson for the crime of burglary of a business Miss. Code Ann. § 97-17-33 (1972), and as an habitual offender, Miss. Code Ann. § 99-19-81 (Supp. 1986). In June of 1987, Jefferson stood trial and was convicted by a jury on the principal charge laid in the indictment.
Thereafter, the Court put Jefferson to trial on the charge that he was an habitual offender. See Rule 6.04, Miss.Unif.Crim.R. Cir.Ct.Prac. (1979, as amended). The Court found that on May 26, 1981, Jefferson had been twice convicted of larceny, those convictions arising out of separate incidents committed at separate times, and that Jefferson was otherwise an habitual offender within Section 99-19-81. The Circuit Court sentenced Jefferson to seven years imprisonment without parole. Jefferson now appeals.

III.
The background facts and circumstances of the two previous convictions used for punishment enhancement are as follows:
On May 12, 1981, Jefferson was indicted in Case No. 5839 in the Circuit Court of the Second Judicial District of Bolivar County for the February 21, 1981, burglary of a 1976 Chevrolet automobile belonging to Walter Boswell. On the same date, in Case No. 5840 in the same Circuit Court, Jefferson was indicted for the crime of burglary of a 1980 Lincoln automobile also belonging to Walter Boswell. That indictment charged that Jefferson committed this second burglary also on February 21, 1981. Thus, Jefferson stood indicted for two separate crimes of burglary of two separate automobiles belonging to Walter Boswell, each committed on the same day.
On May 26, 1981, Jefferson appeared in Circuit Court with his attorney and announced that on each indictment he wished to withdraw his plea of not guilty to burglary and enter a plea of guilty to the related offense of grand larceny. See Rule 4.03, Miss.Unif.Crim.R.Cir.Ct.Prac. (1979). The Circuit Court told Jefferson he was under oath, and first inquired of Jefferson's age (23), education (12th grade), and occupation. The Court then told Jefferson that his attorney had represented to the Court that he, Jefferson, wished to enter a *1018 plea of guilty "to the related crime of grand larceny" in each of the two cases. Did he understand that? "Yes, sir," was the answer. In the case of each charge, the Court asked Jefferson if he knowingly and feloniously stole the personal property belonging to Boswell and worth more than $100.00. Jefferson said that he had. In the end the Court announced that the charge in each indictment was changed and reduced to grand larceny. Jefferson then entered a plea of guilty to each, and in each testified that he committed the crime. The Court accepted each plea and adjudged Jefferson guilty of grand larceny in each case.
Back to the present. At his recidivism hearing in June, 1987, Jefferson objected to the prosecution's offer of these prior convictions under Section 99-19-81. The Circuit Court expressed concern regarding its authority in 1981 to have accepted pleas of guilty to larceny on indictments for burglary. The Court concluded, however, Rule 4.03[1] authorized acceptance of a plea of guilty to a "lesser or related offense." The Court then sentenced Jefferson as an habitual offender.
Jefferson now appeals and argues that because he had not been indicted for grand larceny in 1981, a separate and distinct crime from burglary, the two judgments of conviction may not now be used to enhance his current sentence.

IV.
Preliminarily, a procedural question is presented  whether the rule of Phillips v. State, 421 So.2d 476 (Miss. 1982) and progeny, see Moore v. State, 508 So.2d 666, 669 (Miss. 1987), pretermits this process. The Phillips rule is this: At a recidivism hearing the circuit court should not retry the merits of the defendant's two prior convictions. Convictions such as those Jefferson today challenges may be used for purposes of enhancement under Section 99-19-81 so long as they are regular on their face. The purpose of the rule is to avoid a trial within a trial. Under Phillips the offender is remitted to the process of the Mississippi Uniform Collateral Post-Conviction Relief Act if he wishes to attack his prior convictions. Phillips, 421 So.2d at 481.
Here Jefferson challenges the jurisdiction of the Circuit Court in 1981 and argues that each prior conviction is irregular on its face. He presents a pure question of law. No evidentiary hearing is necessary, as the record of the 1981 sentencing is before us. Moreover, the Circuit Court considered and decided the question. Pursuit of the Phillips course would be a waste of time.

V.

A.
Jefferson argues that in 1981 the Circuit Court had no authority to convict him upon his guilty pleas because he was before the Court on indictments charging him with burglary, not grand larceny. It is certainly true that burglary and grand larceny are separate and distinct crimes, Fournier v. State, 96 Miss. 417, 50 So. 502 (1909); see also Criddle v. State, 250 Miss. 328, 332, 165 So.2d 339, 341 (1964), although they are often prosecuted together. And it is similarly true that the Mississippi Constitution in Article 3, Section 27, confers upon one criminally accused the right to indictment. In relevant part, that section reads:
No person shall, for any indictable offense, be proceeded against criminally by information, except .. . where a defendant represented by counsel by sworn statement waives indictment; ... .
The quick answer is that Jefferson effectively waived his right to indictment for *1019 grand larceny. We have any number of cases which enforce defendants' uncounseled waivers of infinitely more vital constitutional rights, i.e., the right to be free of self-incrimination, even to the point of placing the penitent in the gas chamber. See Johnson v. State, 508 So.2d 1126, 1127 (Miss. 1987); Neal v. State, 451 So.2d 743, 750-57 (Miss. 1984); Edwards v. Thigpen, 433 So.2d 906, 907 (Miss. 1983); Evans v. State, 422 So.2d 737, 739 (Miss. 1982); Gray v. State, 375 So.2d 994, 1001 (Miss. 1979). We discern no principle that would compel these results and at once not allow a counseled waiver of a right of much lesser importance where at the time that waiver served to reduce the accused's maximum potential punishment.
We are concerned here with the legal effect of Jefferson's two 1981 guilty pleas. The institution of the guilty plea is well established in our criminal justice process. A guilty plea operates to waive the defendant's privilege against self-incrimination,[2] the right to confront and cross-examine the prosecution's witnesses,[3] the right to a jury trial[4] and the right that the prosecution prove each element of the offense beyond a reasonable doubt.[5]
Outside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment. Williams v. State, 512 So.2d 666, 672 (Miss. 1987); Winters v. State, 244 So.2d 1, 2 (Miss. 1971); Wilcher v. State, 152 Miss. 13, 118 So. 356 (1928); see also Perkins v. State, 487 So.2d 791, 792 (Miss. 1986). A defendant's right to claim that he is not the person named in the indictment may be waived if not timely asserted. Anselmo v. State, 312 So.2d 712 (Miss. 1975). The principal exception to the general rule is that the failure of the indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, is not waived. See Durr v. State, 446 So.2d 1016, 1017 (Miss. 1984); Maxie v. State, 330 So.2d 277, 278 (Miss. 1976). And, of course, a guilty plea does not waive subject matter jurisdiction.
Jefferson's two grand larceny convictions rest upon guilty pleas entered on May 26, 1981. The record shows Jefferson was originally indicted for the burglary of a 1976 Chevrolet Impala and for the burglary of a 1980 Lincoln Continental. On May 26, 1981, represented by counsel, Jefferson appeared before the Circuit Court[6] and testified under oath that he undersood that he was charged with burglary of an automobile in each case; that he wished to withdraw his pleas of not guilty and enter pleas of guilty to related charges of grand larceny; that he understood the nature of the offense of grand larceny; and that he in fact committed those crimes. Unless there be some jurisdictional defect in the Circuit Court's authority in May of 1981, Jefferson has effectively waived any right to be indicted for grand larceny.

B.
There is a separate but related rationale requiring that Jefferson's sentence *1020 be affirmed. This Court enforces an accused's waiver of the right to be proceeded against only by an indictment in another context: where the accused requests a lesser offense instruction. One on trial under a criminal indictment may of right request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment. See McGowan v. State, 541 So.2d 1027, 1029 (Miss. 1989); Whitehurst v. State, 540 So.2d 1319, 1327 (Miss. 1989); Gangl v. State, 539 So.2d 132, 135-36 (Miss. 1989); Griffin v. State, 533 So.2d 444, 447-48 (Miss. 1988).
There is a clear connection between the rationale implicit in the lesser offense instruction cases, particularly Gangl, and the issue of the waivability of the right to be proceeded against only by an indictment. This rationale implicit in Gangl and our other recent cases involving lesser offense instructions is that in requesting the instruction the defendant waives his right to be proceeded against only by an indictment for that lesser offense. In fact, this very idea was stated explicitly in Griffin:
Any possible concern that assault, because technically not a lesser offense, is not within the indictment for rape dissipates in the face of Griffin's request for the simple assault instruction. Griffin thus waived any inadequacy in the indictment.

Griffin, 533 So.2d at 488 n. 2 (emphasis added).
When Jefferson's case is considered in this context, one sees that the offense of grand larceny of personal property found in Walter Boswell's two automobiles is substantially related to the offense of burglary of each of these automobiles with intent to steal an automobile. Each larceny arises out of a common nucleus of operative fact with the burglaries charged in each indictment. Each larceny is such that, had Jefferson gone to trial on the charge of burglary, he could of right have demanded that the jury be allowed to consider the lesser offense of grand larceny. Gangl v. State, 539 So.2d at 135-36. This is because the maximum penalty to which Jefferson may have been subjected under the burglary statute was seven years, Miss. Code Ann. § 97-17-33 (1972), while the crime of grand larceny carries a maximum five year sentence, Miss. Code Ann. § 97-17-41 (1972). If in 1981 Jefferson could have been tried and convicted of larceny, it would certainly follow that he could enter a valid and enforceable guilty plea to larceny. If the Circuit Court in 1981 had jurisdiction to adjudge Jefferson guilty of grand larceny, it certainly had jurisdiction to accept his guilty plea, adjudge him guilty, and impose sentence.

C.
In the face of all of this Jefferson challenges the Circuit Court's jurisdiction in 1981 and relies on the case of Fournier v. State, 96 Miss. 417, 50 So. 502 (1909). Fournier affords him no help. For one thing Fournier makes no mention of any jurisdictional basis for reversal. More to the point, in Fournier the defendant did nothing which constituted a waiver of his right that he be proceeded against only after grand jury indictment for larceny. It may well be that a court has no authority to submit a lesser offense at the request of the prosecution unless it be a pure lesser included offense. See Miss. Code Ann. § 99-19-5 (1972). One of the main rights that an indictment protects is the due process right to adequate notice of the crime which one is accused of committing. See Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). Fournier is a "lack of notice" case. Where, as here, Jefferson waives the point, no notice issue is present, see Gangl v. State, 539 So.2d 132, 136-37 (Miss. 1989); Hailey v. State, 537 So.2d 411, 419 (Miss. 1988) (concurring opinion), provided that there is an evidentiary basis to support a conviction of the lesser offense. See Harper v. State, 478 So.2d 1017, 1021 (Miss. 1985); Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985).
The circuit courts of this state have subject matter jurisdiction of prosecutions of the criminal offense of grand larceny. *1021 Miss. Code Ann. § 9-7-81 (1972). The Circuit Court for the Second Judicial District of Bolivar County is no exception. That Court acquired authority to proceed against Jefferson in May of 1981 when the grand jury returned two burglary indictments against him, followed by the service of those indictments upon him. It may well be that at that time Jefferson had a right that the prosecution not proceed against him on charges of grand larceny, but that right was purely personal and not jurisdictional. As a personal right, it was subject to waiver as we have laboriously explained above.
Johnson v. State, 512 So.2d 1246 (Miss. 1987) and Williams v. State, 459 So.2d 777 (Miss. 1984) are instructive. Both cases involve juveniles who originally were within the jurisdiction of the Circuit Court because they had been indicted for murder. See Miss. Code Ann. § 43-21-151 (Supp. 1989). In Williams, the juvenile defendant pleaded guilty to manslaughter, an offense over which the Youth Court originally would have had exclusive jurisdiction. Williams, 512 So.2d at 778. The defendant argued on appeal that by virtue of the Youth Court's exclusive jurisdiction over the offense of manslaughter, when the Circuit Court "determined that the charge would be reduced from one of murder to one of manslaughter, [the court] lost all jurisdiction to try the issues or accept a plea to the non-capital offense of manslaughter." Id. We rejected that argument, stating as follows:
As a general rule, jurisdiction once acquired is not defeated by subsequent events even though they are of such character as would have prevented jurisdiction from attaching in the first instance.
Williams, 459 So.2d at 779 (quoting Bynum v. State, 222 Miss. 632, 637, 76 So.2d 821, 823 (1955)).
Relying on Williams, we affirmed the aggravated assault conviction of a juvenile obtained in Circuit Court in Johnson v. State, 512 So.2d 1246 (Miss. 1987). Just as the defendant in Williams had been indicted for the offense of murder, so too had the defendant in Johnson. The prosecution requested an aggravated assault instruction to which the defendant objected until his simple assault instruction was allowed. The jury returned a verdict of guilty to aggravated assault and Johnson appealed. On the Williams rationale this Court affirmed. Johnson, 512 So.2d at 1251.
It is certainly true that Box v. State, 241 So.2d 158 (Miss. 1970) proceeds on a rationale inconsistent with what we have said above. In Box the defendant had been indicted for attempted armed robbery. He thereafter entered a plea of guilty to the lesser offense of accessory after the fact of attempted armed robbery. The Attorney General on appeal argued that Box' plea waived his right to indictment for this lesser offense. The Court erroneously rejected the argument and reversed. To the extent that it may be found inconsistent with this opinion, Box stands overruled.
A proper reading of Section 27 of our Constitution initially requires an indictment that charges the essential elements of the criminal offense. See Rule 2.05, Miss.Unif. Crim.R.Cir.Ct.Prac. Once the indictment has been served on the defendant, a court having subject matter jurisdiction is empowered to proceed. A subsequent event such as a guilty plea to a lesser related offense in no way ousts the court of personal jurisdiction. This reading is consistent with the purposes which an indictment serves  the reasons it has been accorded the status of a constitutional right  (1) to furnish the accused such a description of the charge against him as will enable him to make his defense and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, (2) to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction if one should be obtained and (3) to guard against malicious, groundless prosecution. Indictments and Informations, 41 Am.Jur.2d § 3 (1968). It is also the reading that accords with this Court's nonconstitutional cases involving indictments and its recent lesser offense instruction cases.
*1022 CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS IMPRISONMENT WITHOUT BENEFIT OF PROBATION OR PAROLE AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, SULLIVAN, ANDERSON and BLASS, JJ., concur.
HAWKINS, P.J., dissents by separate written opinion.
PITTMAN, J., not participating.
HAWKINS, Presiding Justice, dissenting:
I respectfully dissent.
Lester Lee Jefferson was convicted of burglary in the circuit court of the Second Judicial District of Bolivar County and sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 to seven years imprisonment without parole.
I agree there was no error in his conviction of burglary, and would affirm this conviction, but in my view the previous convictions used as a basis for his sentence as a habitual offender were invalid. I would therefore reverse and render his sentence as a habitual offender and remand for proper sentencing.
This is not, as the majority would have it, a case of a waiver of a personal right such as the Sixth Amendment right to counsel, or the Fifth Amendment right against self-incrimination, clearly rights subject to being waived by a defendant. If it were, Jefferson, a man for whom it is difficult to muster any sympathy, would have waived it.
Instead, it is a question of court authority. Could Jefferson give a circuit court authority it did not and cannot have under the Constitution, accept his plea of guilty to a felony for which he had never been indicted nor any information filed as specifically required by Article 3, § 27 of the Constitution.

FACTS
During the May, 1987, term of the circuit court of the Second Judicial District of Bolivar County, the grand jury indicted Lester Lee Jefferson for the crime of Burglary of a business [Miss. Code Ann. § 97-17-33 (1972)], and as a habitual criminal [Miss. Code Ann. § 99-19-81 (Supp. 1986)]. Jefferson was tried and convicted by a jury in June, 1987, with Judge Elzy J. Smith presiding. The second part of the trial on the habitual offender charge was subsequently held by the circuit judge, who found that Jefferson was a habitual offender, and thereafter sentenced him to seven years imprisonment without parole.
The background facts and circumstances of the two previous convictions used as a basis for punishment enhancement are as follows:
Jefferson was indicted on May 12, 1981, in cause number 5839 in the circuit court of the Second Judicial District of Bolivar County for the crime of burglary of a 1976 Chevrolet automobile belonging to Walter Boswell on February 21, 1981. On the same date, in cause number 5840 in the circuit court, Jefferson was also indicted for the crime of burglary of a 1980 Lincoln automobile on February 21, 1981, belonging to Walter Boswell.
Thus, Jefferson was indicted for two separate crimes of burglary of two separate automobiles on the same day belonging to Walter Boswell.
On May 26, 1981, Jefferson appeared in court and his attorney announced that his client wished to withdraw his plea of not guilty to burglary and enter a plea of guilty to the related offense of grand larceny in each of the two charges.
The circuit judge told Jefferson he was under oath, and first inquired if he knowingly was entering a plea of guilty, his age (23), education (12th grade), and occupation. He then told Jefferson that his attorney had represented to the court that he, Jefferson, wished to enter a plea of guilty "to the related crime of grand larceny" in each of the two cases. Did he understand that? "Yes, sir," was the answer. He was asked if he knowingly and feloniously stole the personal property of Boswell worth more than $100, and entered a plea of *1023 guilty to each, and in each testified that he committed the crime.
Defense counsel, at the June, 1987, trial, objected to these prior convictions being used as a basis for punishment under 99-19-81. The astute circuit judge was troubled as to the authority of the circuit court in 1981 to accept pleas of guilty to larceny on indictments for burglary. He concluded, however, that acceptance of these pleas of guilty was authorized under Rule 4.03 of the Rules of Criminal Procedure authorizing a plea of guilty to a "lesser or related offense."
On his appeal Jefferson urges that because he had not been indicted for grand larceny in 1981, a separate and distinct crime than burglary, these were not valid pleas of guilty or convictions.

LAW
Answering Jefferson's contention requires an analysis of whether Rule 4.03 permitting a plea of guilty to a "related" offense violates Article 3, Section 27 of our Constitution.
Prior to November 7, 1978, Section 27 stated:
Section 27. No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.
This section was amended on the above date, and now reads:
Section 27. No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by sworn statement waives indictment; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law. [Emphasis added to amended portion]
Rule 4.03 of the Criminal Rules states:
Rule 4.03
PLEA DISCUSSIONS
The prosecuting attorney is encouraged to discuss and agree on pleas which may be entered by the defendant. Such agreement and discussion must be conducted with defendant's counsel, or if defendant is unrepresented, the discussion and agreement may be conducted with the defendant.
The prosecuting attorney, defendant's counsel, or the defendant acting pro se, may engage in such discussion with a view toward reaching an agreement that upon entering a plea of guilty to the offense charged or to a lessor or related offense, the attorney for the state may do any of the following:
(1) Move for a dismissal of other charges; and
(2) Make a recommendation to the trial court for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court.
Defense counsel shall not conclude any plea bargaining on behalf of his client without his client's full and complete consent, being certain that the decision to plead is made by defendant. Defense counsel shall advise defendant of all pertinent matters bearing on the choice of plea to enter and likely results or alternatives. [Emphasis added]
Two statutes involving criminal procedure should also be examined. Miss. Code Ann. § 99-19-3 (1972) states:

*1024 § 99-19-3. Convictions obtained only by verdict or guilty plea  no punishment without legal conviction.
A person indicted for a criminal offense shall not be convicted thereof, unless by confession of his guilt in open court or by admitting the truth of the charge against him by his plea, or by the verdict of a jury accepted and recorded in court. A person charged with an offense shall not be punished therefor unless legally convicted thereof in a court having jurisdiction of the cause and of the person.
Miss. Code Ann. § 99-19-5 (1972) states:
§ 99-19-5. Findings of jury.
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
Section 27 prior to amendment prohibited proceeding by information against any person charged with a felony. "No person shall, for any indictable offense, be proceeded against criminally by information ..." It was only "in cases not punishable by death or imprisonment in the penitentiary" that an inquest by the grand jury could be dispensed with by statute. Indeed, this Court held in State v. Sansome, 133 Miss. 428, 97 So. 753 (1923), that a statute making child desertion a felony and authorizing criminal proceedings against the person accused by a sworn complaint violated § 27 and was a nullity.
Section 27, following amendment in November, 1978, authorizes proceeding against a defendant "by information ... where a defendant represented by counsel by sworn statement waives indictment."[1]
Clearly in 1981 there was no proceeding against Jefferson even by an information, nor was there a sworn statement executed by Jefferson waiving an indictment against him on the two burglary charges.
In Box v. State, 241 So.2d 158 (Miss. 1970), Box was indicted for attempted armed robbery. Thereafter, with the consent of his attorney, he withdrew a plea of not guilty to attempted armed robbery and entered a plea of guilty to accessory after the fact to attempted armed robbery. He was sentenced to the penitentiary. He later filed a petition for a writ or error coram nobis, alleging the circuit court had no jurisdiction to sentence him based upon a plea of guilty to accessory after the fact to attempted armed robbery.
The State upon appeal conceded that accessory after the fact to attempted armed robbery was a separate offense and not a constituent, or lesser included offense of attempted armed robbery. Nevertheless, the State argued, by pleading guilty to accessory after the fact to attempted armed robbery the defendant had waived any defects in the indictment.
We rejected this argument.
With this contention we cannot agree because the crime of accessory after the fact of attempted armed robbery is entirely a separate and distinct offense and not a constituent part of the offense of attempted armed robbery for which the appellant was indicted. Appellant in reality pleaded guilty to an offense and is being punished for an offense for which he has never been indicted by the grand jury. Mississippi Constitution, Article 3, Section 27 (1890) requires an indictment by a grand jury before a prosecution may be had in a felony case. State v. Sansome, 133 Miss. 428, 97 So. 753 (1923). Before a person may be punished on a felony charge the court must have jurisdiction of the charge and the person. Section 2564, Mississippi Code 1942 Annotated (1956) [now Miss. Code Ann. *1025 § 99-19-3], provides that a person shall not be convicted for criminal offense for which he has been indicted unless by a confession of his guilt in open court or by the verdict of a jury. It also provides that a person shall not be punished for a felony unless legally convicted in a court having jurisdiction of the charge and the person. It is the indictment by a grand jury that gives the court jurisdiction of a felony charge and without an indictment the court has no jurisdiction to proceed in a felony case. We are constrained to hold that appellant's plea of guilty to the charge of accessory after the fact of attempted armed robbery and his sentence therefor was void and of no effect... .
Box v. State, 241 So.2d at 159.
We thus held in Box that only by complying with § 27 would a circuit court have the power, "jurisdiction" to proceed criminally against an accused.
In Fournier v. State, 96 Miss. 417, 50 So. 502 (1909), Fournier was indicted for burglary, but was ultimately convicted by the jury of petit larceny. The indictment charged him with burglary, i.e. entering the building "with the felonious and burglarious intent then and there" certain property "found therein to take, steal, and carry away." 96 Miss. at 418, 50 So. at 502.
In reversing and discharging Fournier, we held:
While this indictment properly charged the crime of burglary, it contains no allegation charging the crime of larceny. The allegation is that the building was entered with the intent to commit this crime, not that the crime was in fact committed. Appellant, therefore, by the verdict of the jury was acquitted of the crime of burglary, the only crime charged in the indictment, and convicted of a crime not charged therein.
96 Miss. at 418, 50 So. at 502.
State v. Minton, 276 Minn. 213, 149 N.W.2d 384 (1967), although from another jurisdiction, is persuasive. In that case the state by information charged the defendant with burglary of a garage appurtenant of to dwelling. Thereafter, the defendant pleaded guilty to theft pursuant to a plea bargain agreement between the defendant and his counsel and the state's attorney. No new information charging him with theft was filed, however. The Minnesota Supreme Court held:
The court did not have jurisdiction over the subject matter of the crime for which the defendant was convicted simply because there was no information charging him with that crime. Although a court may permit a defendant to plead guilty to a lesser included offense without delivery of a new information or indictment, the crime of theft is not a lesser included offense of burglary. Theft is neither a lesser degree of burglary nor a crime necessarily proved upon proof of burglary.
149 N.W.2d at 386.
The Florida district court of appeals has also held that "petit theft was not a lesser included offense of burglary." In the Interest of R.R., 397 So.2d 1051 (Fla. Dist. Ct. App. 1981).
As the above cases demonstrate, Jefferson's conviction of larceny was not authorized by Miss. Code Ann. § 99-19-3, Box v. State, supra, Fournier v. State, supra, nor can they be sustained as lesser included offenses under Miss. Code Ann. § 99-19-5. We have held upon numerous occasions that an accused may be lawfully convicted for an inferior offense necessarily included within the offense for which he is indicted. Callahan v. State, 419 So.2d 165 (Miss. 1982); Auman v. State, 271 So.2d 427 (Miss. 1973); Jones v. State, 279 So.2d 650 (Miss. 1973). This is not such a case. Clearly larceny and burglary are separate and distinct crimes, although the two frequently are committed in one transaction.
Construing Rule 4.03 as authorizing a circuit court to accept a plea of guilty to a separate felony when there has been neither a grand jury indictment nor an information filed pursuant to § 27 grants circuit courts jurisdiction beyond that authorized by the Constitution.
*1026 It would have been a simple matter in 1981 for the district attorney to have filed an information against Jefferson, at which time he and his attorney would have gladly waived an indictment by a properly executed sworn statement. This would have consumed a few extra minutes of the district attorney's time at the most, and the Constitutional requirement would have been followed.
Box v. State, supra, announced a sound principle of law, and this Court faithfully adhered our Constitution's mandate. In my view it should not be overruled.
There can be no doubt that § 27 absolutely required that a person could not be criminally proceeded against for a felony without a grand jury indictment, and a circuit court could not have this power bestowed upon it even by an express waiver by the accused. It is really an attack on the intelligence to argue otherwise. Why is this clear? Because in 1978 § 27 was amended to authorize proceeding by information if a "defendant represented by counsel by sworn statement waives indictment."
Yet the majority holds an accused could have waived an indictment all along. If this were true, why was it necessary to amend § 27 so as to permit a waiver of indictment by one clearly expressed and delineated method?
If this Court can dispense with the Constitutional requirement of either a grand jury indictment or information in this case, there is no Constitutional impediment to a guilty plea under any other situation in which there is no indictment or information.
When this Court, the final authority for the interpretation of this State's Constitution, does less than scrupulously adhere to constitutional requirements, it is a perilous course in my view.
Therefore I respectfully dissent.
NOTES
[1] Rule 4.03, Miss.Unif.Crim.R.Cir.Ct.Prac., which regulates plea bargaining, in relevant part provides as follows:

The prosecuting attorney, defendant's counsel, or the defendant acting pro se, may engage in ... [plea discussions] with a view toward reaching an agreement that upon entering a plea of guilty to the offense charged or to a lesser or related offense, ....
Defense counsel shall not conclude any plea bargaining on behalf of his client without his client's full and complete consent, being certain that the decision to plead is made by the defendant. Defense counsel shall advise the defendant of all pertinent matters bearing on the choice of the plea to enter and likely results or alternatives.
[2] Sanders v. State, 440 So.2d 278, 283 (Miss. 1983); Phillips v. State, 421 So.2d 476, 479-83 (Miss. 1982); Alexander v. State, 226 So.2d 905, 909 (Miss. 1969).
[3] This right is secured by the sixth and fourteenth amendments to the United States Constitution and by Article 3, Section 26 of the Mississippi Constitution of 1890. See Phillips v. State, 421 So.2d 476, 479-83 (Miss. 1982); Wood v. State, 354 So.2d 1122, 1124 (Miss. 1978); Alexander v. State, 226 So.2d 905, 909 (Miss. 1969); Rule 3.03(3)(C), Miss.Unif.Crim.R.Cir.Ct.Prac.
[4] Thomas v. State, 472 So.2d 425, 426 (Miss. 1985); Houston v. State, 461 So.2d 720, 724 (Miss. 1984).
[5] This right is secured as a function of the due process clause of both the federal and state constitutions. See Wood v. State, 354 So.2d 1122, 1124 (Miss. 1978).
[6] The plea hearing was held before Circuit Judge Elzy J. Smith whose thorough and meticulous inquiries of the defendant at plea hearings are well known. See, e.g., the transcript of proceedings less than three months later, on August 11, 1981, to be exact, conducted by the same circuit judge in Sanders v. State, 440 So.2d 278, 289-94 (Miss. 1983).
[1] Black's Law Dictionary defines an "information" as: "An accusation in the nature of an indictment, from which it differs only in being presented by a competent public officer on his oath of office, instead of grand jury on their oath. A written accusation by a public prosecutor, without the intervention of a grand jury."