IN THE SUPREME COURT OF MISSISSIPPI
NO. 94-KP-01060-SCT

*CHARLES RAY ROBINSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/94 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY | DALE HARKEY |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 5/22/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/12/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

This case is an appeal from a denial of relief under the Uniform Post Conviction Collateral Relief Act. Charles Ray Robinson pled guilty to armed robbery in the Circuit Court of Jackson County on May 28, 1992. He was sentenced at that time to a term of eight years. Robinson filed a petition for post-conviction relief on March 31, 1994. From the denial of his petition, Robinson appealed to this Court asserting the following as error:

> *I. The Mississippi armed robbery statute, Miss. Code Ann. § 97-3-79 (1972), is unconstitutional as an ex post facto law.*

> *II. The plea entered under the armed robbery statute was involuntary under the Uniform Criminal Rules of Circuit Court Practice 3.03(2).*

## DISCUSSION OF LAW

### I.

On appeal, Robinson asserts that Mississippi's armed robbery statute, Miss. Code Ann. § 97-3-79 (1972), is unconstitutional as an ex post facto law. He claims that it was passed in violation of the U.S. Supreme Court decision in *In Re Winship* which held that "the Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 38 (1970). Robinson contends that the statute is ex post facto because it does not explicitly state that the weapon used in the commission of the robbery must be produced at the trial of the accused. He alleges that the State could not have produced the weapon in his case, and therefore could not have proven him guilty of armed robbery beyond a reasonable doubt. Robinson further asserts that he would not have plead guilty had he known the statute was flawed.

Robinson's claim is without merit. It is clear that Miss. Code Ann. § 97-3-79 is not an ex post facto law. Robinson's actual claim is that the State's evidence was insufficient to convict him of armed robbery. This complaint, however, was waived when he pled guilty to the charge. "The institution of the guilty plea is well established in our criminal justice process. A guilty plea operates to waive the defendant's . . . right that the prosecution prove each element of the offense beyond a reasonable doubt." *Jefferson v. State,* 556 So. 2d 1016, 1019 (Miss. 1989). Robinson waived his opportunity to challenge the sufficiency of the State's evidence when he plead guilty. He admitted to all the elements of the crime. This assignment of error is without merit.

### II.

Robinson also argues that his plea was involuntary because the statute under which he plead is unconstitutional. The statute is not unconstitutional as an ex post facto law, and therefore this argument has no merit.

Robinson claims that his plea was taken in violation of rule 3.03(2) of the Uniform Criminal Rules of Circuit Court Practice, but he offers no proof whatsoever. The proof in the record shows that Robinson petitioned the court to allow him to plead guilty. It further shows that his case was discussed fully with him. He acknowledged that he understood the consequences of his plea, and that he was pleading voluntarily. There is absolutely no proof in the record, and Robinson does not claim, that his plea was taken under fear, violence, deception, or improper inducements as would make it involuntary under Rule 3.03(2).

### CONCLUSION

We find that Robinson's claims are meritless. The trial court did not err in denying

Robinson's petition for post conviction relief. The State armed robbery statute, Miss. Code Ann. § 97-3-79, is not unconstitutional as an ex post facto law. Robinson voluntarily pled guilty to armed robbery, and waived his right to challenge the sufficiency of the State's evidence. The decision of the lower court is affirmed.

**THE LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**