GRIFFIS, J.,
for the Court.
¶ 1. On August 21, 2002, William P. Lawson pled guilty to felony D.U.I., third offense. Lawson was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections, followed by five„years of post-release supervision.
¶ 2. On April 8, 2003, Lawson filed a motion for post-conviction relief. The Circuit Court of Lowndes County denied the motion. On appeal, Lawson asserts that there was no factual basis before the court to accept the plea of guilty and that he was denied effective assistance of counsel. We find no error and affirm.
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002).

I. Whether the lower court erred in denying Lawson’s motion for post-conviction relief on the ground that no factual basis was presented.

¶ 4. Lawson contends that the record does not reflect a sufficient factual basis for his guilty plea. However, because Lawson pled guilty, he waived the requirement that he be proven guilty beyond a reasonable doubt by competent evidence. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). In Hover v. State, 773 So.2d 421, 424 (¶ 12) (Miss.Ct.App.2000), we held that a guilty plea may be accepted if the plea is intelligently and voluntarily entered and there is an independent evi-dentiary suggestion of guilt. “A plea may be accepted if there is enough evidence to satisfy the court before which the plea is offered that the State, if put to its proof, could demonstrate guilt.” Myers v. State, 770 So.2d 542, 544(¶ 9) (Miss.Ct.App.2000).
¶ 5. At his plea hearing, Lawson acknowledged that he had entered a sworn petition that requested that the court accept his guilty plea. Lawson was questioned, under oath, about the voluntariness and truthfulness of the assertions in his petition. The court asked the prosecutor what facts he would present to the court in the event of a trial, and the prosecutor responded:
Your honor, the State would show that on the 9th day of March of 2002 here in Lowndes County, Mr. Lawson was driving a motor vehicle, and while driving that motor vehicle, he was under the influence of intoxicating alcohol. He had a blood alcohol content of .215. As he was driving the car under the influence of alcohol, he ran over three people with his car. They were pedestrians— Bryant Hudgins, Lateshia Williams, and Tyrone Harris. A couple of them had fractured legs. ' The other had a bruised hip. They all had to have medical treatment.
The court then asked Lawson if he agreed with the prosecutor’s rendition of the facts of the case. ' Lawson stated that he did. Upon further questioning, Lawson testified that he had been drinking beer when he “ran over these kids” with “an '84 Buiek.”
*785 ¶ 6. We find that there was sufficient evidence before the trial court to conclude that the State could prove the charge. The factual basis for Lawson’s guilty plea existed. Therefore, we find no merit to this issue.

II. Whether Lawson was denied, the effective assistance of counsel.

¶ 7. Lawson next contends that he was denied the effective assistance of counsel because his guilty plea was based on the threat of his attorney that if Lawson did not accept the plea bargain, the State would charge him as an habitual offender. Lawson also asserts that his attorney lied to him in this regard because he could not have been charged as an habitual offender.
¶ 8. Claims for ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that he was denied a fair trial. Id. at 687, 104 S.Ct. 2052. This standard is also applicable to a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
¶ 9. At Lawson’s plea hearing, he testified that he had not been threatened or intimidated into entering his plea. Therefore, Lawson’s sworn testimony at his plea hearing contradicts his assertion in his motion for post-conviction relief.
¶ 10. Lawson’s claim that he could not have been charged as an habitual offender is clearly wrong. Lawson’s assertion is based on his contention that at least one of his prior offenses occurred before the habitual offender statute went into effect. Lawson argues that the State’s use of the offenses prior to the statute taking effect would have been an impermissible ex post facto application of that statute. However, in Smith v. State, 465 So.2d 999, 1003 (Miss.1985), the Mississippi Supreme Court decided this issue squarely against Lawson’s position.
¶ 11. In Smith, the court held that “the sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.” Id. Therefore, Lawson is incorrect in his assertion that he could not have been sentenced as an habitual offender due to the fact that one of his prior convictions occurred before the habitual offender statute went into effect.
¶ 12. As such, Lawson’s assertion that he received ineffective assistance of counsel is without merit. His attorney properly informed him that if he did not accept the plea bargain, the State would charge him as an habitual offender and he would be sentenced to life in prison without the possibility of parole. Therefore, we find that Lawson’s attorney’s performance was not deficient.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LOWNDES COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND BARNES, JJ. CONCUR.