GRIFFIS, J.,
for the Court.
¶ 1. Willie Lee Brewer was indicted on one count of aggravated assault and one count of possession of a firearm by a felon. Brewer pled guilty to aggravated assault. He was sentenced to serve twenty years in *548 the custody of the Mississippi Department of Corrections. Brewer filed his petition for post-conviction relief, which was denied by the Honorable Lee J. Howard. On appeal, Brewer argues that: (1) he was denied an evidentiary hearing, (2) the indictment did not charge an essential element of the crime, and (3) his attorney was ineffective. We find no error and affirm.
STANDARD OF REVIEW
¶ 2. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS

I. Was Brewer entitled to an eviden-tiary hearing?

¶ 3. Brewer argues that the mere fact that he stated at the plea hearing that his plea was voluntary is not enough to deprive him of the right to an evidentiary hearing. Brewer states that he can prove the facts alleged in the petition and, therefore, should be allowed an opportunity to do so. What he seeks to prove is that he did not commit the crime. The State argues it was evident from the face of Brewer’s motion that he was not entitled to relief.
¶ 4. If “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.” Miss.Code Ann. § 99-39-11(2) (Rev.2000). A defendant is not entitled to an evidentia-ry hearing where the affidavits presented directly conflict with the testimony in the plea hearing. Cole v. State, 608 So.2d 1313, 1321 (Miss.1992).
¶ 5. Brewer’s petition argues his theory of self-defense. He offers photographs, investigative reports and affidavits. Among this evidence, there were affidavits from Ivory Harris, the victim, and an eyewitness’s police statement that Brewer was the initial aggressor. Two of the affidavits attempt to prove that Brewer acted in self-defense. However, this evidence directly contradicts his testimony at the plea hearing that he was not acting under self-defense.
¶ 6. We find that it was evident from the face of his motion and affidavits that Brewer was not entitled to an evidentiary hearing. Accordingly, we affirm the trial court on this issue.

II. Was the indictment sufficient to charge aggravated assault?

¶ 7. Brewer next argues that the indictment was insufficient to charge him with aggravated assault, because it did not allege that he caused “serious bodily injury” to Harris. The State contends that bodily injury is not an essential element for attempted aggravated assault.
 ¶ 8. A guilty plea does not waive the failure of the indictment to charge a criminal offense or to state essential elements of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). “A person is guilty of aggravated assault if he ... (b) attempts to cause ... bodily injury to another with a deadly weapon ...” Miss.Code Ann. § 97-3-7(2)(b) (Rev.2000). Where there is an attempt to cause injury, there is no requirement that the victim actually be injured. Id.
¶ 9. Count I of the indictment charged that Brewer:
*549 on or about the 21st day of September, 2002, in [Lowndes County] did unlawfully, wilfully, feloniously, purposely and knowingly attempt to cause bodily injury to Ivory Harris, a human being; with a deadly weapon, to-wit: a pistol, by aiming the said pistol at the said Ivory Harris and discharging the said pistol, without authority of law and not in necessary self defense, contrary to the form of [§ 97-3-7] in such cases made a provided, and against the peace and dignity of the State of Mississippi.
Essentially, he is charged with attempting to cause bodily injury to Harris by firing a gun at her, without any legal justification. The indictment tracks the statutory language. We find that the indictment was sufficient to charge Brewer with the crime of aggravated assault.
¶ 10. Brewer also argues that the indictment was invalid because he was acting in self-defense. The appropriate time to test sufficiency of the evidence to support an indictment is when the case is tried on its merits. Boddie v. State, 875 So.2d 180, 183(¶7) (Miss.2004). However, a guilty plea waives the right to trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt. Jefferson, 556 So.2d at 1019. We find that Brewer waived the claim that there was insufficient evidence to indict him.

III. Was Brewer denied effective assistance of counsel?

¶ 11. Brewer alleges that his attorney told him that he would receive life without parole if he went to trial. Brewer claims this to be erroneous advice, because he acted in self-defense. He claims that without this advice he would not have pled guilty to aggravated assault. The State counters that the advice was correct, because the attorney knew the prosecution was planning to amend the indictment to seek habitual offender status. •
¶ 12. To prove ineffective assistance of counsel, Brewer must demonstrate that his counsel’s performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Brewer. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 694, 104 S.Ct. 2052. To overcome this presumption, “the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result would have beep different.” Id. In cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance claim is without merit.” Lindsay v. State 720 So.2d 182, 184(¶6) (Miss.1998); Covington v. State, 909 So.2d 160, 162(¶ 9) (Miss.Ct.App.2005).
¶ 13. Brewer offers only his affidavit. The record also contains the affidavit of Nora Davis, who would testify as to Harris’s past violent behavior towards Brewer. We also find three statements that directly contradict Brewer’s claim of self-defense. Two witnesses state Brewer was the initial aggressor who was stalking Harris and came toward her, shooting the gun. The record shows that Brewer lied to police about the gun. He told them he dropped it in a ditch while trying to run away from Harris. In fact, Brewer hid the gun in a Monopoly box inside his home.
¶ 14. Nevertheless, we find that Brewer’s attorney’s advice was correct. Even if Brewer had a valid defense to the aggravated assault count, he confessed to the crime of possession of a firearm by a convicted felon. The jury would have had no *550 choice but to convict him of this charge. Also, the State planned to amend- the indictment to have Brewer sentenced as an habitual offender. If Brewer went to trial, he would have received life in prison without parole. Because the attorney’s advice was eminently correct, we hold that Brewer was afforded effective assistance of counsel.
CONCLUSION
¶ 15. We find no merit to the issues raised in this appeal and affirm the trial court’s denial of Brewer’s motion for post-conviction relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. SOUTHWICK ' AND ROBERTS, JJ., NOT PARTICIPATING.