GRIFFIS, J.,
for the Court.
¶ 1. Xavier Stepp pled guilty to the sale of a controlled substance. The circuit court sentenced him to serve ten years, followed by five years on post release supervision. Stepp was also ordered to pay a $5,000 fine. Stepp filed a motion for post-conviction relief, which was denied. He appeals and argues his indictment was defective for failure to give notice of the crime charged. We find no error and affirm.
STANDARD OF REVIEW
¶ 2. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶3. Stepp argues that the indictment was insufficient to charge him with a crime, because it did not give him sufficient notice of which dbug crime he was being charged. Specifically, he points to the fact that the subparagraph of the statute that he was charged with violating was not stated in the indictment. The State argues the error is waived by Stepp’s guilty plea and for failure to raise it below. In the alternative, the State responds that the indictment was sufficient, because it listed the specific controlled substance charged.
¶ 4. We find that Stepp raised this issue in his motion for post-conviction relief. Indeed, it was the second issue raised. However, the circuit court did not rule on this issue when it denied relief. Stepp again raised the issue in a motion for reconsideration, which was denied.
¶ 5. A guilty plea does not waive the failure of the indictment to charge a criminal offense or to state essential elements of the offense. Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). We find that this issue was properly preserved for appeal.
¶ 6. As for the merits of the claim, the controlled substances statute prohibits different acts with regard to varying controlled substances. For example, Mississippi Code Annotated Sections 41-29-139(a)(1), (c), (g)(1) (Rev.2005) prohibit manufacture, possession, and trafficking of controlled substances. Section 41-29-139(a)(1) provides, “[e]xcept as authorized by this article, it is unlawful for any person knowingly or intentionally [t]o sell ... a *259 controlled substance.” The remainder of the statute provides for different penalties for different controlled substances that are involved in the crime. For example:
In the case of controlled substances classified in ... Schedule II ... except thirty (30) grams or less of marihuana, and except a first offender ... with respect to less than one (1) kilogram of marihuana, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both.
Miss.Code Ann. § 41-29-139(b)(l) (Rev. 2005).
¶ 7. Cocaine is a Schedule II controlled substance. Miss.Code Ann. § 41-29-115(A)(a)(4) (Rev.2005). Stepp’s indictment was titled, “SALE OF A CONTROLLED SUBSTANCE — COCAINE (§ 41-29-139).” The indictment charged that Stepp:
on or about the 23rd day of March, 2004, in [Lowndes County], did unlawfully, wilfully, and feloniously, knowingly and intentionally sell a controlled substance, to-wit: Cocaine, to James Stuart for and in consideration of money, in violation of MCA § 41-29-139; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi.]
Essentially, he is charged with knowingly and intentionally selling cocaine in violation of Section 41-29-139. This is sufficient to notify Stepp that he was charged with the crime of knowingly and intentionally selling a Schedule II controlled substance under subparagraph (a)(1) and that he could be sentenced under subparagraph (b)(1). This issue has no merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.