THOMAS, J.,
for the Court:
¶ 1. Nicholas M. Johnson was convicted of conspiracy to commit robbery with a deadly weapon and accessory after the fact of robbery with a deadly weapon in the Circuit Court of Tate County. Nicholas appeals on the following issues of error:
I. THE TRIAL COURT ERRED IN GIVING AN INSTRUCTION ON ACCESSORY AFTER THE FACT AS A LESSER-INCLUDED-OFFENSE OF ARMED ROBBERY.
II. THE TRIAL COURT ERRED IN GRANTING S-l OVER' THE OBJECTION OF THE APPELLANT.
III. THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE GIVEN THE DIRECT TESTIMONY OF THE STATE’S OWN WITNESSES REGARDING THE APPELLANT’S ALLEGED INVOLVEMENT REGARDING THE CONSPIRACY AhlD ACCESSORY AFTER THE FACT.
¶ 2. Finding no error, we affirm.
FACTS
¶'3. On August 29, 1998, around 9:25 p.m., the Video Barn On Highway 305 in Independence, Tate County was robbed. Cameron Blount, the owner of the Video Barn was working that night and testified that he was closing the store for the evening when the robbery occurred.
¶ 4. Blount testified that two black males wearing ski masks came into the store. One of the men had a gun and pointed it at his face and asked for his money. Blount testified that he placed the money, approximately $250, in a bag held by the other man. He testified that the men then backed out of the store and ran to a car that was waiting for them along a tree line near the video store. ' '
¶ 5. Amy Peeples was on Highway 305 near the Video Barn on' the evening in question and testified to seeing a bright blue car sitting by the side of the road at' the Video Barn. After she learned of the robbery, she reported the description of the car she had seen to Deputy Harry Floate. It was later determined that the car Mrs. Peeples saw that night belonged to William Massey, Jr.
¶ 6. Henry Massey Jr. testified that he owned the car and that he whs driving the car on the night of the robbery. He also testified that Lakendrix (Ken) Ashford, Chris Hill and Nick Johnson were in the vehicle with him. He testified that Chris Hill and Ken Ashford were discussing robbing Ferguson’s EZ stop store and Massey told them that Ferguson’s was impossible to rob because there were too many people around and there was a camera. Massey testified that he drove the men up to Ferguson’s to show them that Ferguson’s was impossible to rob. Massey also testified that after determining that it was not possible to rob Ferguson’s the men drove around town and when he neared the video store Ashford and Hill said they needed to go to the bathroom. Massey stated that when they returned they were out of breath and he thought they might have robbed the Video Barn. Massey admitted *348 that after the robbery they went to Nick Johnson’s house and he received some of the money taken from the Video Barn. He testified that they did not discuss robbing the Video Barn before Hill and Ashford got out of the car and that he and Nick Johnson were unaware of the plan.
¶ 7. Chris Hill testified to basically the same facts that Massey testified to. Hill also stated that it was Ashford’s idea to rob the store and that Ashford had the gun. ' Hill testified that he agreed to help Ashford rob the store - and that Massey was supposed to be their driver. Hill testified to giving Massey $15 for being the driver. Hill testified that he was the lookout for Ashford and did not actually go in the store but stood at the front door while Ashford went in the store with the gun.
¶ 8. Ken Ashford testified that all four of the men talked about and planned to rob the store. He testified that Massey was going to drive them, and Hill and he were going to go in the store and rob it, while Johnson’s contribution was establishing the get away plan. He testified that Johnson’s plan was to have Massey park on the same side of the road the video store was on so that they could quickly drive straight down the highway to a back road that led to Johnson’s house. Ashford said all three of the other men saw and knew he had a gun and knew the plan to rob Ferguson’s and that when they realized it was too crowded to rob, they decided on the Video Barn because it; was about to close and no one was around. Ashford also testified that when they got back to Johnson’s they divided the money, giving some to Johnson also.
¶ 9. Johnson testified that he heard the others discussing robbing Ferguson’s but that Massey brought them to the store to show them it was too crowded to rob. He testified that when they were driving around town after noticing Ferguson’s was too crowded, Ashford asked .Massey to stop so he could go to the bathroom. Johnson stated that Ashford and Hill both got out of the car and were gone for a while but that he did not discover they had robbed the Video Barn until they were back at his house. He admitted that he was present when the other three divided up the money but he said he did not receive any of the money.
¶ 10. When the State rested its case, Johnson moved for a directed verdict on the conspiracy to rob the Video Barn charge claiming there was not enough evidence to prove such. The trial court denied Johnson’s motion. Johnson objected to the giving of the S-l conspiracy instruction claiming the only evidence of a conspiracy was to rob Ferguson’s and this plan was abandoned. Johnson also withdrew his own lesser-offense instruction of accessory after the fact in order to join with the Court’s version of the instruction.
¶ 11. Hill, Massey, and Ashford pled guilty to armed robbery in exchange for a remand of the conspiracy charges pending against all three. The jury found Johnson guilty of conspiracy to commit armed robbery in count I and accessory after the fact to the crime of armed robbery in count II. He now appeals to this court.
I. THE TRIAL COURT ERRED IN GIVING AN INSTRUCTION ON ACCESSORY AFTER THE FACT AS A LESSE R-INCLUDED-OFFENSE OF ARMED ROBBERY.
¶ 12. Johnson argues that the trial court erred in granting an instruction for accessory after the fact for armed robbery. Johnson maintains that accessory after the fact is not a lesser-included-offense of armed robbery and therefore an instruction on accessory after the fact constituted reversible error. Johnson further alleges that the trial court had no subject matter jurisdiction over the accessory after the fact instruction because Johnson was only indicted on armed robbery and accessory after that fact requires elements not included in armed robbery.
¶ 13. The State argues that Johnson offered the accessory after the fact instruction which waives Johnson’s right to notice *349 by indictment. The State goes on to point out that even though Johnson maintains that he withdrew his accessory after the fact instruction, the record is clear that Johnson withdrew his instruction and joined in the Court’s clearer version of the same instruction, still waiving his right to an indictment.
¶ 14. In Gangl v. State, 539 So.2d 132, 136 (Miss.1989), the Mississippi Supreme Court stated that the evidentiary standards for granting a lesser-offense instruction and a lesser-included-offense instruction are the same. This standard requires that lesser-offense instructions only be granted where there is an eviden-tiary basis in the record. Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). The court in Griffin v. State, 533 So.2d 444, 447-48 (Miss.1988), explained that a defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment. Therefore, if the evidence warrants it, a defendant is entitled to a lesser-offense instruction the same as he would be entitled to a lesser-included-offense instruction. Id. Oftentimes granting a lesser-offense instruction creates a problem regarding whether the indictment covers the lesser offense. As in the case at bar, the argument arises that the indictment on a charge of armed robbery will not support a conviction for accessory after the fact, because it is a separate and distinct offense. However, this is not a problem when granting lesser-included instructions. The Supreme Court has held that by requesting the instruction, the defendant waives any inadequacy or notice in the indictment. Griffin, 533 So.2d at 448; Gangl, 539 So.2d at 137.
¶ 15. The lesser-offense instruction of accessory after the fact given in the case at bar reads:
If you should find the defendant, Nicholas Marquis Johnson, not guilty of the original charge of Armed Robbery as charged in Count 2 of the indictment, then you shall proceed with your deliberations to decide whether the State has proven, beyond a reasonable doubt, all of the elements of the lesser crime of Accessory After the Fact to the crime of Armed Robbery. After deliberations on the lesser offense, if you find from the evidence, beyond a reasonable doubt, that:
1) on August 29, 1988, Lakendrix Marquis Ashford, Christopher Hill, and/or William Massey, Jr., intended to feloniously take $250.00 in cash money, being the personal property of Cameron Blount, d/b/a Video Barn, from the person or in the presence of Cameron Blount, against his will; and,
2) As a means of taking such property, Lakendrix Marquis Ashford, Christopher Hill, and/or William Massey, Jr., put Cameron Blount, d/b/a Video Barn, in fear of immediate injury to his person by exhibition of a deadly weapon, to-wit: a pistol; and,
3) By so putting Cameron Blount, d/b/a Video Barn, in fear of immediate injury to his person, Lakendrix Marquis Ashford, Christopher Hill, and/or William Massey, Jr., did take and carry away $250.00 in cash money from the person or presence of Cameron Blount, d/b/a Video Barn; and
4) Nicholas Marquis Johnson concealed, received, or relieved said Laken-drix Marquis Ashford, Christopher Hill, and/or William Massey, Jr., or aided or assisted Ashford, Hill, and/or Massey, knowing that Ashford, Hill, and/or Massey had committed a felony, namely armed robbery, with intent to enable Ashford, Hill and/or Massey to escape or to avoid arrest, trial, conviction or punishment, after the commission of such felony, then you shall find the defendant, Nicholas Marquis Johnson, guilty of Accessory After the Fact to the crime of Armed Robbery.
If the State has failed to prove any one or more of these elements beyond a *350 reasonable doubt, then you shall find the defendant, Nicholas Marquis Johnson, not guilty in Count 2.
You should consider the lesser offense instruction, only if you first find that the defendant is not guilty of the original charge of Armed Robbery. However, notwithstanding this right to find the defendant guilty of a lesser crime than that originally charged, it is your duty to accept the law as given to you by the Court, and if the facts and the law warrant a conviction of the original charge, then it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify a verdict for the lesser crime.
¶ 16. This instruction clearly is a lesser-offense instruction and not a lesser-included-offense instruction and any argument Johnson tries to make regarding the language used by the judge on the record when discussing whether to grant the instruction was obviously a harmless'error of semantics. Furthermore, the record is clear that Johnson entered his own version of this lesser-offense instruction.and only withdrew his version of the instruction in order to join with the court’s instruction. As stated above, the Mississippi Supreme Court has made it clear that a defendant cannot request a lesser-offense instruction and later object to. lack of jurisdiction, he has waived that right. Additionally, as the State pointed out, Johnson failed to object to the jury instruction at trial barring him from challenging the jury instruction on appeal. This issue is without merit.
II. THE TRIAL COURT ERRED IN GRANTING S-l OVER THE OBJECTION OF THE APPELLANT.
¶ 17. Johnson argues that the court erred in not requiring the conspiracy instruction to be more specific. Johnson maintains that the instruction does not specify whether the conspiracy was to rob Ferguson’s or the Video Barn. Johnson further alleges that the failure of the instruction to list any act, victim, or facts with regard to the conspiracy' charge was error and allowed the State to proceed with a “two barreled” attack on Johnson.
¶ 18. The conspiracy instruction, jury instruction S-l, given in the case at bar, states:
In Count 1, the Defendant, Nicholas Marquis Johnson, has been charged with the crime of Conspiracy to commit Armed Robbery.
A conspiracy is an'agreement or understanding between two or more people to commit a crime. In establishing a conspiracy, the State is never required to prove, in express terms, an agreement between the parties to commit the crime; it is sufficient, when the evidence proves beyond a reasonable doubt, from all of the facts and circumstances, together with the acts of the parties, a common design or understood purpose between the parties to commit the crime.
If you find from the evidence in.this case, beyond a reasonable doubt, that the defendant, Nicholas Marquis Johnson, knowingly joined or participated in a Conspiracy with Christopher Hill, William Massey, Jr., and/or Lakendrix Marquis Ashford to commit the crime of Armed Robbery on August 29, 1998, then you shall find the Defendant, Nicholas Marquis Johnson, guilty of Conspiracy in Count 1.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant, Nicholas Marquis Johnson, not guilty in Count 1.
¶ 19. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, *351 no reversible error will be found.”- Coleman v. State, 697 So.2d 777, 782 (Miss.1997) (quoting Collins v. State, 691 So.2d 918 (Miss.1997)). In order to preserve a jury instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court to consider the issue. Watson v. State, 488 So.2d 1326, 1329 (Miss.1986). Further, “[a]n objection on one or more specific grounds constitutes a waiver of all other grounds.” Stringer v. State, 279 So.2d 156, 158 (Miss.1973). See also McGarrh v. State, 249 Miss. 247, 276, 148 So.2d 494, 506 (1963) (stating an objection cannot be enlarged in reviewing court to embrace omission not complained of at trial).
¶ 20. The armed robbery count 2 instruction, jury instruction S-2, reads:
In Count 2, Nicholas Marquis Johnson has been charged with the crime of Armed Robbery.
If you find from the evidence .in this case beyond a reasonable doubt that:
1.) On August 29, 1998, it was the intention of Nicholas Marquis Johnson and others to feloniously take $250.00 in cash money the personal property of Cameron Blount d/b/a Video Barn from the person or in the presence of Cameron Blount against his will; and.
2.) As a means of taking such property, Nicholas Marquis Johnson and others put Cameron Blount d/b/a Video Barn in fear of immediate injury to his person by exhibition of a pistol; and
3.) By so putting Cameron Blount d/b/a Video Barn in fear of immediate injury to his person, Nicholas Marquis Johnson and others, did take and carry away $250.00 in cash money from the person or presence of Cameron Blount, then you shall find the Defendant, Nicholas Marquis Johnson, guilty of Armed Robbery.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 21. In reading the conspiracy instruction together with the armed robbery instruction the specific facts of the case are very clear. The law in jury instruction S-l, the conspiracy instruction, is a clear and correct reading of the law. Thus, the instructions read as a whole do not create an injustice and the granting of the instruction by the trial court was not erroneous. Furthermore, the record reflects that Johnson only objected to the granting of the instruction as not supported by the evidence, thus preventing him from raising another objection on appeal. This issue is also without merit..
III. THE JURY’S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE GIVEN THE DIRECT TESTIMONY OF THE STATE’S OWN WITNESSES REGARDING THE APPELLANT’S ALLEGED INVOLVEMENT ■ REGARDING THE CONSPIRACY AND ACCES- • SORY AFTER THE FACT.
-¶22. Johnson maintains that the verdict was against the overwhelming weight of the evidence since the only testimony which implicated him was the testimony of Ashford, an accomplice. Johnson argues that testimony of an accomplice which is unreasonable, self-contradictory or substantially impeached is not sufficient to sustain a conviction. Johnson alleges that two of the three accomplices testified that Johnson did not participate in the robbery and was unaware of the new plan to rob the Video Barn.
¶ 23. The State -argues that the testimony of Ashford was not unreasonable or impeached. The State-also maintains that the totality of the circumstances together with the corroboration of certain facts by all of the accomplices creates a classic jury question. More specifically, the State argues that since all four of the men admit, to discussing, or being aware of the discussion to rob Ferguson’s, all four of the men went to Ferguson’s and were in the vehicle *352 during the robbery, in addition to the fact that Johnson admits being present when the money was divided, and everyone spent the night with Johnson after the robbery, sufficient evidence exists to corroborate Ashford’s testimony.
¶ 24. “In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Dudley v. State, 719 So.2d 180, 182 (Miss.1998). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Id. Johnson argues that the only evidence to support his conviction is the testimony of Ashford. Testimony from a single credible witness is .sufficient to sustain a conviction. Holmes v. State, 660 So.2d 1225, 1227 (Miss.1995). We agree with the State that sufficient evidence existed and was admitted to by the other three men to corroborate Ashford’s story. The jury clearly believed Ashford. That is sufficient. This issue is also without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF COUNT II ACCESSORY AFTER THE FACT OF ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF FIVE (5) YEARS; COUNT I CONSPIRACY TO COMMIT ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF FIVE (5) YEARS WITH LAST FIVE (5) YEARS SUSPENDED PENDING FUTURE GOOD BEHAVIOR TO RUN CONSECUTIVELY TO COUNT II AND TO PAY RESTITUTION TO THE VICTIM, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.