797 So.2d 239 (2001)
Robert YOUNG, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00328-COA.
Court of Appeals of Mississippi.
January 9, 2001.
*241 Robert Young, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and THOMAS, JJ.
LEE, J., for the Court:
¶ 1. Young pled guilty to one count of attempted robbery and one count of accessory after the fact to robbery. Subsequently, Young filed a pro se petition for post-conviction collateral relief which was denied by the trial judge. Feeling aggrieved, Young has filed a timely pro se appeal and asserts that several errors occurred at the time he pled guilty to the crimes and that said errors merit setting aside his guilty pleas. Young presents the following five issues: (1) whether the indictment was improperly amended, (2) whether Young's guilty plea was knowingly, intelligently, and voluntarily entered, (3) whether error was committed by the trial court regarding informing Young of the sentences that could be imposed for the crimes of attempted robbery and accessory after the fact to robbery, (4) whether the available evidence failed to prove that Young was an accessory after the fact to robbery, and (5) whether Young was denied effective assistance of counsel at his guilty plea hearing. Finding these issues without merit, we affirm the trial court's denial of the petition for post-conviction collateral relief filed by Young.

*242 FACTS AND RELEVANT PROCEDURE
¶ 2. Young was originally indicted by the grand jury for two counts of armed robbery. The first count of armed robbery was based on Young and a co-indictee's unsuccessful attempt to rob Pearson's Pawn and Gift Shop. Count two was based on the co-indictee's taking of an automobile from Christina R. Murry. Young was not present at the time the automobile was taken from Murry; however, he later entered the automobile and he and the coindictee fled to Lumberton.
¶ 3. As aforementioned, Young was indicted for two counts of armed robbery; however, contingent on Young entering pleas of guilty, the district attorney made a motion to reduce the indicted offenses to count oneattempted robbery and count twoaccessory after the fact to robbery. The trial court granted the State's motion, and Young entered pleas of guilty to both counts. All other relevant facts will be addressed in the discussion of the issues.

DISCUSSION

I. WHETHER THE INDICTMENT WAS IMPROPERLY AMENDED.
¶ 4. Young argues that the indictment was improperly amended because the State and the trial court lacked the authority to sentence him under MISS. CONST. art. III, § 27 since he had not originally been indicted for the crimes of attempted robbery and accessory after the fact to robbery. The State counters this argument and asserts that Young was properly notified of the charges against him prior to the entry of his guilty pleas. However, this Court has determined that the true issue is not whether the State properly amended the indictment, but whether the State and the trial court abused their authority in reducing Young's charges in the context of a plea bargain agreement.
¶ 5. The record reveals that Young's charges were reduced pursuant to the plea bargaining process. Uniform Rules of Circuit and County Court Rule 8.04(B)(1) and (2) state:
(1) The prosecuting attorney is encouraged to discuss and agree on pleas which may be entered by the defendant. Any discussions or agreements must be conducted with the defendant's attorney, or if defendant is unrepresented, the discussion and agreement may be conducted with the defendant.
(2) The prosecuting attorney, defendant's attorney, or the defendant acting pro se, may reach an agreement that upon an entry of a plea of guilty to the offense charged or to a lesser or related offense, the attorney for the state may do any of the following.
Of primary importance to our case is the language in subsection (2) which allows the prosecuting attorney to reach an agreement with a defendant not only regarding the original offense charged but also to a lesser or related offense. In the case at bar, we are dealing with the entry of guilty pleas to attempted robbery and accessory after the fact to robbery are classified as lesser offense crimes. See Johnson v. State, 757 So.2d 345, 348 (¶¶ 12-16) (Miss. Ct.App.1999); Jefferson v. State, 556 So.2d 1016, 1019-20 (Miss.1989). Although these crimes are separate and distinct crimes from that of armed robbery they derive out of a common nucleus of operative facts. Id.; see also Miss.Code Ann. § § 97-1-5, 97-1-7 (Rev.2000). The facts that substantiate the crimes of attempted robbery and accessory after the fact to armed robbery are substantially related to those which form the basis for the two counts of armed robbery charged in the indictment.
*243 ¶ 6. Young testified that he was present at the pawn shop carrying a weapon, and although it was his co-indictee, and not himself who actually brandished a weapon, Young admitted he went to the pawn shop with the intent to rob it. Young and the co-indictee's completion of the crime was thwarted by Eddie Pearson. Young and his co-indictee left Purvis in an automobile which the co-indictee had obtained by force from Murry. The testimony of Young revealed that he freely and voluntarily entered the automobile knowing that it did not belong to the co-indictee and fled to Lumberton where they hoped to receive assistance for the co-indictee's gunshot wound.
¶ 7. In the past, in a situation similar to ours, the Mississippi Supreme Court held that if a defendant were indicted for attempted armed robbery, but subsequently pled guilty to accessory after the fact to armed robbery, his sentence would be void as it regards the charge of accessory after the fact to armed robbery. Box v. State, 241 So.2d 158, 159 (Miss.1970). The reasoning behind this conclusion was that the crime of accessory after the fact to armed robbery was a separate and distinct offense from attempted armed robbery; therefore, the defendant was pleading guilty and being punished for an offense he had never been indicted for by the grand jury. Id. However, in the more recent Mississippi Supreme Court decision of Jefferson v. State, the court overruled its holding in Box v. State. Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989).
¶ 8. In Jefferson v. State, the Mississippi Supreme Court once again addressed whether the circuit court had properly maintained jurisdiction and sentencing authority over Jefferson for crimes that he had entered guilty pleas to, but had not originally been indicted for by the grand jury. Jefferson, 556 So.2d at 1021. Jefferson was originally indicted for two counts of burglary; however, pursuant to a plea agreement he entered pleas of guilty to the related crimes of grand larceny. Id. at 1017. On appeal, Jefferson was contending that the trial court could not use his previous pleas to grand larceny to sentence him as an habitual, because in 1981 the trial court lacked authority to sentence him since he had been indicted for burglary and not grand larceny. Id. The majority of the supreme court concluded that the circuit court did maintain jurisdiction and sentencing authority. Id. at 1021.
¶ 9. In its opinion, the supreme court noted that the crimes of burglary and grand larceny are separate and distinct crimes. Id. at 1018. The supreme court explained that MISS. CONST. art. III, § 27 initially requires an indictment to charge the essential elements of a crime; however, once the indictment is served on the defendant, a court that has subject matter jurisdiction may proceed. Id. at 1021. The supreme court also acknowledged that MISS. CONST. art. III, § 27 gives one accused of a crime the right to be indicted; however, the court concluded that unless there was some jurisdictional defect, Jefferson had waived his right to an indictment for grand larceny because he entered a knowing and voluntary guilty plea to the crime. Id. at 1018-19. The court made the further determination that a guilty plea to a lesser related offense did not remove personal jurisdiction from the trial court, since agreeing to plead to a lesser offense is purely a personal right and not a jurisdictional one. Id. We conclude that since Young was indicted under the jurisdiction of the circuit court and he voluntarily entered his pleas of guilty, he waived the right to be indicted for the crimes of attempted robbery and accessory after the fact to robbery. The trial court had jurisdiction to accept his guilty pleas and impose *244 Young's subsequent sentence. We, therefore, find this issue without merit.

II. WHETHER YOUNG'S GUILTY PLEA WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERED SINCE HE WAS NOT INFORMED OF SENTENCING OPTIONS AVAILABLE UNDER THE YOUTH COURT LAW.

AND

III. WHETHER ERROR WAS COMMITTED BY THE TRIAL COURT REGARDING INFORMING YOUNG OF THE SENTENCES THAT COULD BE IMPOSED FOR THE CRIMES OF ATTEMPTED ROBBERY AND ACCESSORY AFTER THE FACT TO ROBBERY.
¶ 10. Young argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because he was not informed by the trial court or his attorney of sentencing options under the Youth Court Law, as well as not being informed of the maximum sentences that could be imposed for the crimes which he was charged. We will first enumerate the standard of review to determine if a guilty plea is knowing and voluntary, and we will then address Young's argument pertaining to sentencing options under the Youth Court Law.
¶ 11. The question of whether a plea was voluntarily and knowingly made is a question of fact. Young bears the burden of proving by a preponderance of the evidence that he is entitled to relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989). If the defendant is advised regarding the nature of the charge against him and the consequences of the entry of the plea, it is considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992); see also Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). The defendant must be instructed that a guilty plea waives his rights to a jury trial, to confront adverse witnesses, and protection against self-incrimination. Alexander, 605 So.2d at 1172. Additionally, the Mississippi Supreme Court in Roland v. State, 666 So.2d 747, 751 (Miss.1995), relied on the holding in Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992), for the premise that an evidentiary hearing regarding voluntariness to a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance. With this standard of review in mind, we now address Young's two arguments regarding sentencing options under the Youth Court Law and whether he was properly informed of the applicable maximum sentences.
¶ 12. First, Young asserts that since he was seventeen years old at the time he committed the crimes he was entitled to be informed of the sentencing options under Miss.Code Ann. § 43-21-159(3) (Supp.2000) of the Youth Court Law. Young contends that the failure of his attorney and the trial judge to inform him of the same was error and renders his guilty pleas unknowing and involuntary. The State asserts that the trial court did not commit an error and that the trial judge answered Young's allegation when it explained that although Young was seventeen years of age at the time of the commission of the crimes, he was under the original jurisdiction of the circuit court under Miss.Code Ann. § 43-21-159(4) (Supp.2000).
¶ 13. A review of Miss.Code Ann. § 43-21-159 (Supp.2000) shows that the State and the trial court were both correct in their conclusion that the Youth Court Law does not offer Young an additional sentencing alternative. The 1994 amendment to subsection three clearly states that the *245 sentencing alternatives available under subsection one are not applicable to a youth who has a pending charge or a conviction for any crime over which the circuit court has original jurisdiction. In the case at bar, the circuit court had original jurisdiction. Additionally, subsection four of this statute states in part: "If the case is not transferred to the youth court and the youth is convicted of a crime by any circuit court, the trial judge shall sentence the youth as though such youth was an adult." Id.
¶ 14. Miss.Code Ann. § 43-21-151(1) (Rev.1993) gives the circuit court original jurisdiction over a child who has committed a crime, which if the same crime were committed by an adult would be punishable under either state or federal law by life imprisonment or death. In the case at bar, Young was originally charged with two counts of armed robbery. Under Miss.Code Ann. § 97-3-79 (Rev.2000) each of these counts would merit a life sentence. We acknowledge that these charges were reduced to the crimes of attempted robbery and accessory after the fact to robbery which mandate less than a life sentence; however, this does not remove original jurisdiction from the circuit court. See Miss.Code Ann. § § 97-1-5 (Rev.2000), 97-1-7(Rev.2000), 97-3-73 (Rev.2000), and 97-3-75 (Rev.2000). In Johnson v. State, the Mississippi Supreme Court held that the circuit court would have proper jurisdiction over a seventeen year-old juvenile who was indicted for an offense carrying a potential life sentence, even though he was finally convicted for a lesser crime and received a lesser sentence. Johnson v. State, 512 So.2d 1246, 1250 (Miss.1987). Additionally, the circuit court was vested with original jurisdiction pursuant to a 1994 amendment in Miss. Code Ann. § 43-21-159(7) (Supp.2000) which asserts that no crime involving the use or possession of a firearm by a child who has reached his fifteenth birthday, and if committed by an adult would qualify as a felony, shall be assigned to the youth court. At his guilty plea hearing, Young conceded that he was in possession of a firearm although he denied ever using the weapon. Furthermore, this Court has previously held in Reed v. State, 743 So.2d 1042, 1046 (¶¶ 17-18) (Miss.Ct.App.1999), that due to the 1994 amendments to Miss. Code Ann. § 43-21-159(3) and (4) (Supp. 2000), that a circuit court with original jurisdiction is not required to consider alternative sentencing under the Youth Court Law. Therefore, this issue is without merit.
¶ 15. As mentioned at the beginning of this issue, Young additionally asserts that his guilty pleas were not knowingly, intelligently, and voluntary entered because he was not informed of the maximum sentences applicable to the charged crimes. Young contends that he did not understand the direct consequences of his plea.
¶ 16. The record reveals that the trial judge extensively questioned Young on whether he understood the charges he was pleading to, as well as having Young describe his involvement in the crimes. The trial judge clearly explained the maximum and minimum sentences that could be imposed for all of the charges. The trial judge stated that if Young went to trial he would go to trial on two counts of armed robbery. The trial judge further explained that the jury could impose a life sentence on each charge if found guilty of both crimes. Additionally, the trial judge commented that these sentences might be served either concurrently or consecutively and explained what this meant; however, whether the sentences were served consecutively or concurrently would be the decision of the trial judge. Later, the trial *246 judge explained that since Young was asking to plead to one count of attempted robbery and one count of accessory after the fact to robbery the State would have to make a motion to reduce the charges, and the reduction of those charges would be contingent on the trial court's acceptance of the State's motion. Additionally, the trial judge enumerated the possible sentence that might be given with each crime. He informed Young that the crime of attempted robbery could carry a maximum sentence of fifteen years and a fine of ten thousand dollars, and that the crime of accessory after the fact to armed robbery carries a maximum sentence of five years, and that neither crime carried a mandatory minimum sentence. Furthermore, the State proclaimed that the motion to reduce the charges was pursuant to the understanding that Young receive the maximum sentence on the crimes, and that the sentences would run consecutively. Young stated that he understood all of the aforementioned assertions made by the trial judge. The record clearly shows that Young was advised of the nature of the crimes charged, his rights, and the consequences of his guilty pleas; therefore, no evidentiary hearing was warranted. Additionally, the record discloses that Young signed a petition to enter plea of guilty prior to the plea hearing that explained the terms of his pleas. This issue is without merit.

IV. WHETHER THE AVAILABLE EVIDENCE FAILED TO PROVE THAT YOUNG WAS AN ACCESSORY AFTER THE FACT TO ROBBERY.
¶ 17. Young claims that the trial court committed an error when they sentenced him for the crime of accessory after the fact to robbery, because the State failed to present sufficient evidence to prove the charge. The State argues that Young waived any argument regarding the sufficiency of the evidence when he entered a plea of guilty to the crime. This exact issue was recently addressed by this Court in Johnson v. State, and we held that the voluntary guilty plea waived his right to a jury trial, and the necessity that the State present evidence proving each element of the offense. Johnson v. State, 753 So.2d 449, 456 (¶¶ 17-18) (Miss.Ct.App. 1999). In light of our determination that the guilty pleas entered by Young were voluntary, and our holding in Johnson, we determine that this issue is without merit.

V. WHETHER YOUNG WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HIS GUILTY PLEA HEARING.
¶ 18. Young asserts that his attorney advised him to plead guilty to charges where the record failed to substantiate his guilt. The State contends that other than Young's allegations of ineffectiveness, the record is void of any evidence to support his claim.
¶ 19. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 *247 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record, we find that Young has failed to meet his burden and substantiate the facts argued which are essential to prove deficiency and prejudice.
¶ 20. Young was seventeen years-old and had been in the ninth grade at the time he entered his pleas. Young testified that he could read and write. During the guilty plea hearing, Young acknowledged that his counsel had met and conferred with him and his family and had discussed the facts of the case fully and completely. Young affirmatively represented to the trial court that his attorney had gone over all of the discovery provided by the State, who the State's witnesses would be, and any possible defenses. Young testified that he was satisfied with the services his counsel had provided him. Young also specifically declared his involvement in the crimes, as well as asserting that he understood the charges against him and their possible sentences.
¶ 21. The testimony of Young's counsel at the guilty plea hearing revealed that he had not only discussed the crimes with Young but had also met with Young's father numerous times to keep him apprized of the case. Additionally, counsel for Young asserted that Young had made oral confessions that might be used by the State.
¶ 22. As pointed out by Young, he received a reduction in both counts prior to entering his pleas of guilty. The reduction of Young's charges from two counts of armed robbery to one count of attempted robbery and one count of accessory after the fact to armed robbery was contingent on Young's agreeing to enter pleas of guilty. If Young had not pled guilty he would have gone to trial for two counts of armed robbery and was faced with the possibility of receiving a life sentence as opposed to a maximum of fifteen years for attempted robbery and five years for accessory after the fact to armed robbery. We do not see the resulting prejudice in this situation, nor can we say that it would have been ineffective for counsel to suggest he accept the plea bargain. When this Court reviews a trial court's findings while sitting in the absence of a jury, we will not reverse unless the ruling of the lower court was clearly erroneous. House v. State, 754 So.2d 1147, 1152(¶ 22) (Miss. 1999). We determine that Young failed to prove that he was represented by ineffective counsel, and that the trial judge did not err when he denied his petition for post-conviction relief on this basis.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.