# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00903-COA

| | |
|---|---|
| JOHN JOSEPH DEDEAUX A/K/A JOHN JOSEPH DEDEAUX, SR. A/K/A JOHN J. DEDEAUX A/K/A JOHN J. DEDEAUX, SR. | APPELLANT |

v.

| | |
|---|---|
| STATE OF MISSISSIPPI | APPELLEE |

| | |
|---|---|
| DATE OF JUDGMENT: | 04/30/2013 |
| TRIAL JUDGE: | HON. JOHN C. GARGIULO |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN JOSEPH DEDEAUX SR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     John Joseph Dedeaux appeals the judgment of the Hancock County Circuit Court denying his fourth motion for post-conviction collateral relief (PCR), arguing that (1) the circuit court erred in convicting him of a crime for which he had not been indicted and had not waived indictment, and (2) he had received ineffective assistance of counsel.

¶2.     Finding no error, we affirm.

FACTS

¶3. On July 25, 1990, Dedeaux was indicted for burglary of the Bay Senior High School, located in Bay St. Louis, Mississippi. On November 8, 1990, Dedeaux filed a plea petition, stating that he wished to plead guilty and attesting that the basis for his desire to plead guilty was that he "was in possession of the property stolen from the high school." On November 13, 1990, the circuit court accepted Dedeaux's guilty plea and sentenced him to five years in the custody of the Mississippi Department of Corrections (MDOC), to run concurrently to his sentence for a prior felony conviction.[1] On March 15, 1994, Dedeaux was convicted of transfer of a controlled substance, his third felony conviction, and was sentenced to thirty years in custody of the MDOC pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2014).[2]

¶4. After filing three PCR motions in the circuit court challenging his 1990 receiving-stolen-property conviction, each of which the circuit court denied, Dedeaux filed a PCR motion in the Mississippi Supreme Court challenging the same conviction.

---

[1] Before pleading guilty to receiving stolen property, Dedeaux was convicted of another felony crime in Hancock County Circuit Court cause number 7086.

[2] Section 99-19-81 provides as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶5. By order filed on February 21, 2013, the supreme court dismissed Dedeaux's PCR motion without prejudice to his filing the motion in the circuit court. On February 21, 2013, Dedeaux filed his fourth PCR motion in the circuit court, arguing that (1) the motion was not time-barred despite the provisions of Mississippi Code Annotated section 99-39-5 (Supp. 2014)[3] because his fundamental right had been violated; (2) the circuit court lacked subject-matter jurisdiction to convict him of receiving stolen property because he had not been indicted for that crime and had not waived indictment therefor, and (3) he had received ineffective assistance of counsel because his trial counsel had advised him to plead guilty.

¶6. By order filed May 2, 2013, the circuit court denied Dedeaux's PCR motion, finding that (1) the motion was time-barred under section 99-39-5(2); and (2) the motion lacked merit because "the lesser charge of receiving stolen property arose from the same set of operative facts as the greater charge of burglary." Dedeaux appealed the May 2, 2013 order on May 24, 2013. On June 5, 2013, Dedeaux filed a post-judgment motion in the circuit court, arguing that the circuit court erred in failing to set aside his conviction for receiving stolen

_____

[3] Section 99-39-5 states, in relevant part, as follows:

A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5(2).

3

property.[4]  By order filed June 11, 2013, the circuit court set aside its May 2, 2013 order and instructed the State to file a response to Dedeaux's PCR motion and post-trial motion.

¶7.     After the State filed its response, the circuit court, again, denied the fourth PCR motion on December 4, 2013, finding that (1) the issues presented in the motion lacked merit, (2) the motion was time-barred, and (3) the motion was successive-writ barred.  As stated, on appeal, Dedeaux argues that (1) the circuit court erred in convicting him of a crime for which he had not been indicted and had not waived indictment; and (2) he received ineffective assistance of counsel.

## DISCUSSION

¶8.     Preliminarily, we note that the circuit court's May 2, 2013 order remained an appealable judgment even after the circuit court set that order aside.  The Mississippi Supreme Court has found that "[f]iling a notice of appeal transfers jurisdiction from the circuit court to [the] appellate court, thereby removing the circuit court's authority to amend, modify, or reconsider its judgment." *Shinn v. State*, 74 So. 3d 901, 905 (¶13) (Miss. Ct. App. 2011) (citation omitted).  Therefore, the circuit court lacked jurisdiction to set aside its May 2, 2013 order.

¶9.     We also note that Dedeaux's PCR motion is time-barred under section 99-39-5.  The circuit court entered its judgment of conviction on November 13, 1990, and Dedeaux filed the PCR motion at issue more than twenty-three years after that judgment was entered.

---

[4] Dedeaux styled his post-judgment motion as a "Motion of Objections."

4

Dedeaux argues that the issues presented in his PCR motion arise from an illegal sentence and that the motion is, therefore, excepted from the time-bar. We agree that "the right to be free from an illegal sentence is a fundamental right not subject to the time-bar" found in section 99-39-5(2). *Hughes v. State*, 106 So. 3d 836, 840 (¶10) (Miss. Ct. App. 2012) (citing *Kennedy v. State,* 732 So. 2d 184, 186-87 (¶¶7-8) (Miss. 1999)). However, as discussed later, this case does not involve an illegal sentence or a violation of Deadeaux's fundamental right.

¶10.    Dedeaux's PCR motion is also successive-writ barred under Mississippi Code Annotated section 99-39-23 (Supp. 2014).[5] Before filing the PCR motion at issue, Dedeaux had filed three prior PCR motions, the first of which was dismissed by the circuit court, and Dedeaux did not appeal. *Dedeaux v. State*, 834 So. 2d 712, 713 (¶3) (Miss. Ct. App. 2002). The circuit court denied the second and third PCR motions as successive writs. *Id*. at (¶2). This Court affirmed those denials on appeal. *Id*. at 712 (¶4-6). Likewise, the PCR motion now before this Court constitutes a successive writ. *See* Miss. Code Ann. § 99-39-23(6). Notwithstanding, we briefly address Dedeaux's claim that he received an illegal sentence because, as stated, if that is the case, his PCR motion would not be subject to the procedural

_____

[5] Section 99-39-23 states, in relevant part, as follows:

[An] order . . . dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.

Miss. Code Ann. § 99-39-23(6).

5

bar.

¶11.    Dedeaux argues that the circuit court erred in accepting his guilty plea to the crime of receiving stolen property because the circuit court lacked subject-matter jurisdiction in that he had not been indicted for that crime. He insists that because the crime of receiving stolen property is not a lesser-included offense of the crime of burglary, the State was required to indict him for the crime of receiving stolen property before the circuit court could accept his plea of guilty.

¶12.    In *Green v. State*, 884 So. 2d 733, 737 (¶¶11-12) (Miss. 2004) (citations omitted), the Mississippi Supreme Court stated, "A lesser included offense requires that the elements of the greater offense contain the elements of the lesser offense [while] a lesser non-included offense applies where there is evidentiary support that a defendant is guilty of a lesser charge arising from the same nucleus of operative facts."

¶13.    In *Jefferson v. State*, 556 So. 2d 1016 (Miss. 1989), a case similar to the one now before this Court, the defendant was initially indicted for burglary of an automobile belonging to a Walter Boswell. *Id*. at 1017. The defendant was later indicted, in a separate case, for burglary of a 1980 Lincoln vehicle also belonging to Boswell. *Id*. The defendant later appeared before the circuit court with his attorney and announced that he wished to withdraw his previous plea of not guilty and enter a plea of guilty to grand larceny in both cases. *Id*. at 1018. The circuit court accepted both pleas, and the defendant was convicted of grand larceny in both cases. *Id*. He was later convicted of the crime of burglary of a business, and he was sentenced as a habitual offender. *Id*. at 1017. On appeal, the defendant

6

argued that because he had not been indicted for grand larceny before being convicted, the two judgments of conviction could not be used to enhance his sentence as a habitual offender. *Id.* at 1018. The Mississippi Supreme Court found that the defendant's argument had no merit because he had given "a counseled waiver" of his right to be indicted for grand larceny. *Id*. at 1018-19.

¶14. We find *Jefferson* persuasive. Here, Dedeaux argues that the circuit court lacked subject-matter jurisdiction because he had not been indicted on the lesser offense. In *Jefferson*, our supreme court spoke directly to the issue of a circuit's court jurisdiction of a lesser unindicted offense: "Once an indictment has been served on [a] defendant, a court having subject[-]matter jurisdiction is empowered to proceed. A subsequent event such as a guilty plea to a lesser related offense in no way ousts the court of personal jurisdiction." *Id*. at 1021. Additionally, in *Young v. State*, 797 So. 2d 239, 243 (¶9) (Miss. 2001), the Mississippi Supreme Court found that because the defendant "was indicted under the jurisdiction of the circuit court, and he voluntarily entered his pleas of guilty, he [had] waived the right to be indicted for the crimes [to which he entered a plea of guilty]."

¶15. Based on *Jefferson* and *Young*, the circuit court had both subject-matter jurisdiction and personal jurisdiction to accept Dedeaux's plea of guilty to receiving stolen property and sentence him accordingly. Therefore, Dedeaux's assertion that his 1990 sentence was illegal because the circuit court lacked jurisdiction is without merit. Consequently, Dedeaux's PCR motion is procedurally barred. Additionally, since Dedeaux has presented the issue of the lack of circuit-court jurisdiction in three previous PCR motions, consideration of the issue

7

is also barred by the doctrine of res judicata. Accordingly, we affirm the circuit court's denial of Dedeaux's fourth PCR motion.

¶16.    **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT DENYING THE  MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**